**UNITED STATES of America,**

v.

**Robert MCCULLIGAN, Appellant.**

No. 01–3822.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Sept. 9, 2002.

Decided Dec. 24, 2002.

Before NYGAARD, ROTH and WEIS, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Appellant Robert McCulligan appeals a final judgment of sentence from the United States District Court for the Eastern District of Pennsylvania. After a jury trial, McCulligan was acquitted on one count of assault against a federal marshal pursuant to 18 U.S.C. § 111(a) and two counts of assault against a federal marshal with a deadly weapon. McCulligan was found guilty of one count of assault against a federal marshal under 18 U.S.C. § 111(a) and one count of destruction of government property pursuant to 18 U.S.C. § 1361. The District Court sentenced McCulligan as a career offender to 36 months imprisonment on the basis that the assault was a "crime of violence." McCulligan appealed this sentence, arguing that he was found guilty of simple assault but sentenced for non-simple assault. On appeal, we agreed with McCulligan that simple assault under 18 U.S.C. § 111(a) was not a "crime of violence" under the "all other cases" of assault provision and that, as a consequence, McCulligan should not

have been sentenced as a career offender. We remanded this case for re-sentencing. *See United States v. McCulligan,* 256 F.3d 97, 105–107 (3d Cir.2001).

On remand, the District Court sentenced McCulligan to 12 months imprisonment for the simple assault and 21 months concurrent imprisonment for the destruction of property conviction. McCulligan appealed once more, claiming that (1) the District Court erred in applying U.S.S.G. § 2A2.4 instead of U.S.S.G. § 2A2.3 to a 18 U.S.C. § 111(a) offense; (2) alternatively, the District Court erred in enhancing McCulligan's sentence by applying the reckless endangerment during flight factor under U.S.S.G. § 3C1.2; and (3) the District Court erred in finding that McCulligan caused damages to government property in excess of $5,000 pursuant to U.S.S.G. § 2B1.3.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over statutory interpretation issues and clear error review over findings of fact. *See United States v. Bierley,* 922 F.2d 1061, 1064 (3d Cir.1990); *United States v. Ortiz,* 878 F.2d 125, 126–7 (3d Cir.1989) ("The proper standard of review for a district court's conclusion that an adjustment under the Guidelines is inapplicable depends on the mixture of fact and law necessary to that court's determination").

First, McCulligan argues that the District Court, after remand and the adoption of Amendment 591 to the Sentencing Guidelines, erroneously subjected him to a harsher sentence than is permissible under 18 U.S.C. § 111(a) simple assault. McCulligan argues that the District Court retroactively applied Amendment 591 during his re-sentencing hearing. He contends that the court refused to apply the minor assault rule under U.S.S.G. § 2A2.3 and instead applied U.S.S.G. § 2A2.4 for ob-

structing or impeding officers.[1] However, the District Court held a hearing on October 1, 2001, to determine which guidelines were most applicable to McCulligan's conduct. The District Court made an evidentiary determination that the minor assault rule should not apply and that U.S.S.G. § 2A2.4 should apply because McCulligan's conduct did obstruct and impede two federal marshals. In our review of this factual determination, we find no clear error.

Further, McCulligan contends that he was "repunished" when the District Court applied the U.S.S.G. § 3C1.1 enhancement for reckless endangerment during flight. U.S.S.G. § 3C1.1 requires an increased offense level of two if the defendant obstructed an investigation and the obstructive conduct related to the convicted offense. We find that the District Court correctly applied this enhancement to the facts of this case.

Lastly, McCulligan argues that the District Court erroneously found him responsible for more than $5,000 damage to government property. The result of this determination is an offense level increase of two. The District Court weighed the evidence before it, including extensive testimony, and determined that the total damage was in fact $5,092.08. On appeal, we search for clear error in findings of fact. We find none here.

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

---

1. Amendment 591 went into effect on Nov. 1, 2000, after McCulligan's offense but before re-sentencing on remand. This amendment prohibited a court from applying the minor assault guideline, U.S.S.G. § 2A2.3, to assault. Before Amendment 591, the Guidelines gave courts discretion to apply a guideline that is "most applicable to the nature of the offense conduct." *Statutory Index, Appendix A.*